[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, O G industries, Inc. (O G), commenced this action by a complaint, dated August 18, 1992. The named defendants were Emmett O'Neill and David C. Premo. The plaintiffs were unable to serve the complaint on Emmett O'Neill, so he is not a party to this action. The defendant, David Premo (defendant), filed an answer and special defense, dated January 21, 1993. Subsequently, the plaintiff filed a reply to the defendant's special defense, dated January 22, 1993.
George Lincoln, the credit manager for O G, testified that his employer delivered materials to the A.J. Service Station in Shelton, Connecticut, in February and March 1992, which had a value of $6,105.18 (Exhibit A1 to A12). According to Mr. Lincoln, this was done at the request of Emmett O'Neill, a former customer of O G who requested that his former account under the name of O'Neill, O'Neill and O'Neill, Inc. be reactivated and that the above mentioned materials be charged to it. This was done by O G. There is no dispute that O G delivered the said materials to the A.J. Service Station site. Mr. Lincoln stated that O G had previously done business with O'Neill, O'Neill and O'Neill, Inc., and that the account was paid in full. Emmett O'Neill testified that he told Mr. Lincoln that he and the defendant, David C. Premo, were starting a corporation, known as AAA Premier Environmental, Inc., and that that corporation had to purchase materials for a contract it had obtained. Mr. O'Neill stated he thought the billings for that material would be put in his name individually. Instead, the plaintiff reactivated the account of O'Neill, O'Neill and O'Neill, Inc., and billed the costs of the materials delivered to the A.J. Service Station site for AAA Premier Environmental, Inc. to that account. Mr. O'Neill testified he did not know why the plaintiff billed the materials to that account. He stated the materials could not be billed to an account of AAA Premier Environmental, Inc. because it would take time for that company to open such an account. Mr. Lincoln testified that the billings could not be put in Mr. O'Neill's name individually CT Page 3094 because no such account existed. He also stated he never heard of the defendant, David C. Premo, until the account went into default.
The defendant, David C. Premo, testified that he and Emmett O'Neill met in the fall of 1991. In February 1992, they formed a corporation known as AAA Premier Environmental, Inc. Mr. Premo was the President-Treasurer of the corporation, and Mr. O'Neill was the Vice President and Secretary. The only job that the AAA Premier Environmental, Inc. ever had was the A.J. Service Station in Shelton, Connecticut. During that job, the defendant and Emmett O'Neill had a dispute and split up. According to the defendant, David Premo, he had to complete that job himself because the owner of the job site had Mr. O'Neill put off the job. Mr. Premo alleges there is still $30,000.00 to $40,000.00 due from A.J. Service Station to AAA Premier Environmental, Inc. He stated he will pursue these monies when he obtains the records of the job which are now in the possession of Mr. O'Neill.
According to the testimony, there was no contract between AAA Premier Environmental, Inc. and O'Neill, O'Neill and O'Neill, Inc. relative to the purchase of materials and the billing therefor. Mr. Lincoln testified he first heard of the defendant, David C. Premo, when the subject account became in default. The complaint alleges that the defendant made false and fraudulent representations in order to obtain credit from the plaintiff. The complaint further alleges that this conduct of the defendant was willful, intentional and in reckless disregard of the plaintiff's rights. In this matter, the complaint names David C. Premo and Emmett L. O'Neill as defendants. However, service of process was never obtained on Emmett L. O'Neill, and therefore, the only defendant in this matter was Mr. Premo.
The plaintiff claims damages of $6,105.28 plus exemplary damages and attorney's fees.
After hearing the evidence, the court finds that the plaintiff has not sustained its burden of proof on the allegations in the complaint. Therefore, judgment should enter for the defendant.
/s/ William J. Sullivan, J. WILLIAM J. SULLIVAN CT Page 3095